GERDING, Appellant, v. KEAR, Respondent. (Supreme Court, Appellate Division, First Department. December 24, 1903.) Action by Charles Gerding against Washington Kear. J. Gibney, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

In re GILMAN. GRISWOLD, Respondent, v. GILMAN et al., Appellants. (Supreme Court, Appellate Division, First Department. December 24, 1903.) In the matter of George F. Gilman. Action by Celeste S. Griswold against Theophilus Gilman and others, as administrators. L. McCormack, for appellants. H. H. Man, for respondent. No opinion. Judgment modified, by reducing same to the sum of $5,536.37, and, as so modified, affirmed, without costs.

GIRARD, Respondent, v. INTERNATIONAL PULP CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 6, 1904.) Action by Delina Girard, as administratrix, etc., of Abel Girard, deceased, against the International Pulp Company. No opinion. Judgment and order unanimously affirmed, with costs.

GODFREY v. SCHMIDT et al. (Supreme Court, Appellate Division, First Department. December 11, 1903.) Action by Frederick S. Godfrey against Charles Schmidt, Jr., and others. No opinion. Motion denied, with $10 costs.

GORRY, Respondent, v. CORNELL STEAMBOAT CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by Matthew F. Gorry against the Cornell Steamboat Company. No opinion. Judgment of the Municipal Court affirmed, with costs.

GRAVELLE, Appellant, v. MASON, Respondent. (Supreme Court, Appellate Division, Fourth Department. December 8, 1903.) Action by Joseph M. Gravelle against Dominick Mason. No opinion. Judgment and order affirmed, with costs.

GRISSINGER, Appellant, v. JANSER et al., Respondents. (Supreme Court, Appellate Division, Third Department. January 6, 1904.) Action by Elwood A. Grissinger against Alice D. Janser (formerly Alice D. Devendorf), as executrix, and Milton Devendorf, as executor, of the last will and testament of De Witt A. Devendorf, deceased. No opinion. Judgment unanimously affirmed, with costs.

GROH v. FLAMMER. (Supreme Court, Appellate Division, First Department. December 24, 1903.) Action by Julia A. Groh against J. George Flammer. No opinion. Motion denied, with $10 costs.

HAMMER, Respondent, v. LEON, Appellant. (Supreme Court, Appellate Term. January 7, 1904.) Action by Julius Hammer against Harry J. Leon. From an order for the city court adjudging defendant guilty of contempt, he appeals. Modified. Bernard Hess, for appellant. Henry Kuntz, for respondent.

PER CURIAM. The judgment debtor appeals from an order of the City Court adjudging him guilty of a contempt of court in having disposed of $43 in violation of a restraining order in proceedings supplementary to execution, and in falsely testifying upon the examination in said proceedings as to the names and addresses of certain persons to whom he admitted he was then indebted. Upon his examination the judgment debtor testified he had collected $46 in cash since the day when he was served with the order in supplementary proceedings, which from the imperfect record before us would appear to have been at most three days before the day of examination. In his answering affidavit upon the motion to punish him for contempt, he does not pretend to assert that the money so collected related to money earned after the service of the order upon him; but, on the contrary, he attempts to mitigate his offense by asseverating that his disobedience was not willful, nor malicious, in that the money so collected was used to pay certain specified obligations, principally for household needs. It cannot seriously be urged that there is any reasonable doubt that the moneys so collected were for debts owing at the time of the service of the order. But with respect to that portion of the order which adjudges the appellant guilty of contempt for falsely testifying to the names and addresses of certain of his debtors, it is sufficient to say that no facts are alleged in the affidavit of the plaintiff's attorney, upon which the finding of the alleged contempt is based, from which the court could find that perjury was committed. Conclusions of the affiant are assumed to be equivalent to allegations of facts. The order should be modified by limiting the contempt to the disobedience of the original restraining order, and reducing the fine to $43, the amount which would measure the extent to which the rights of the judgment creditor were affected, and $30 costs of the proceedings. As thus modified, the order is affirmed, without costs.

HANRAHAN, Respondent, v. GLENS FALLS PORTLAND CEMENT CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 6, 1904.) Action by Mary E. Hanrahan, as administratrix, etc., against the Glens Falls Portland Cement Company.

PER CURIAM. Judgment and orders affirmed, with costs.

SMITH, J., dissents.

HARRISON, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by James W. Harrison against the Brooklyn Heights Railroad Company. No opinion. Judgment of the Municipal Court affirmed, with costs.